IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DEMARIO RAMONE ADKINS, )
)
    Petitioner, )
)
v. )   Civil Action No. 3:12CV594–HEH
)
VIRGINIA DEPARTMENT OF )
CORRECTIONS, *et al.*, )
)
    Respondents. )

### MEMORANDUM OPINION
(Denying 28 U.S.C. § 2254 Petition)

Demario Adkins, a former Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions in the Circuit Court of the City of Richmond ("Circuit Court"). Respondent[1] moves to dismiss on the grounds that, *inter alia*, the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. Respondent provided Adkins with appropriate *Roseboro* notice.[2] (ECF No. 6.) Adkins has not responded. The matter is ripe for disposition.

---

[1] Adkins names both the Virginia Department of Corrections ("VDOC") and Sheriff C.T. Woody as defendants. The Office of the Attorney General responded only on behalf of the VDOC. Because Adkins's petition will be dismissed as untimely filed, the Court need not further inquire into the Attorney General's lack of response for Woody.

[2] *See Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

# I. PROCEDURAL HISTORY

## A. Original Conviction and Appeal

The Circuit Court convicted Adkins of carrying a concealed weapon and by order entered May 24, 2007, sentenced him to five years in prison with all but two months of the sentence suspended. *Commonwealth v. Adkins*, No. CR07–F–106, at 1–2 (Va. Cir. Ct. May 24, 2007). Adkins noted an appeal. On August 30, 2007, the Court of Appeals of Virginia dismissed Adkins's appeal because counsel failed to submit a transcript or a statement of facts. *Adkins v. Commonwealth*, No. 1093–07–2, at 1 (Va. Ct. App. Aug. 30, 2007).

## B. State Habeas

On December 12, 2008, Adkins, by counsel, filed a petition for a writ of habeas corpus in the Circuit Court. Petition for Habeas Corpus Relief at 1, *Adkins v. Woody*, No. CL08–5667 (Va. Cir. Ct. filed Dec. 12, 2008). On January 9, 2009, the Circuit Court dismissed Adkins's habeas petition because Adkins "[was] not currently being detained by the State." *Adkins v. Woody*, No. CL08–5667, at 1–2 (Va. Cir. Ct. Jan. 9, 2009).

## C. § 2254 Petition

On August 17, 2012, Adkins filed his § 2254 Petition with this Court. (§ 2254 Pet. 1.)[3] In the § 2254 Petition, Adkins makes the following claims for relief:

> Claim One      "Right of appeal was denied at no fault of defendant."
> (*Id.* at 6 (capitalization and spelling corrected).)

---

[3] Because Adkins was not incarcerated at the time he submitted his § 2254 Petition, the § 2254 Petition is filed as of the date the Court received it. *Cf. Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining that the Court deems petition filed as of date inmate places in the prison mailing system).

2

      Claim Two         "Wanted to appeal conviction of concealed weapon."
(*Id.* at 7 (capitalization and spelling corrected).)

## II. STATUTE OF LIMITATIONS

Section 101 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year limitations period for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

>   2.  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement of the Statute of Limitations

Adkins's judgment became final for the purposes of the AEDPA on Monday October 1, 2007, when the time for noting an appeal with the Supreme Court of Virginia expired. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." 28 U.S.C. § 2244(d)(1)(A)); Va. Sup. Ct. R. 5:14(a) (requiring notice of appeal to be filed thirty days after judgment of Court of Appeals of Virginia). Thus, Adkins had one year, or until October 1, 2008, to file a petition pursuant to 28 U.S.C. § 2254. Adkins filed this § 2254 Petition on August 12, 2012.

### B. Belated Commencement of the Limitations Period

While Adkins provides no argument for belated commencement, the facts suggest a belated commencement under § 2244(d)(1)(D) because he instructed counsel to file an appeal and counsel failed to perfect the appeal. "A 1-year period of limitation shall apply to an application for a writ of habeas corpus . . . ." 28 U.S.C. § 2244(d)(1). "The limitation period shall run from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

4

Whether a petitioner has exercised due diligence is a fact-specific inquiry unique to each case. *Wims v. United States*, 225 F.3d 186, 190–91 (2d Cir. 2000). A petitioner bears the burden to prove that he or she exercised due diligence. *DiCenzi v. Rose*, 452 F.3d 465, 471 (6th Cir. 2006). "'Due diligence . . . does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option.'" *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Due diligence, however, "at least require[s] that a prisoner make *reasonable* efforts to discover the facts supporting his claims." *Id.* (citing *Aron*, 291 F.3d at 712). Moreover, in evaluating a petitioner's diligence, the Court must be mindful that the "statute's clear policy calls for promptness." *Johnson v. United States*, 544 U.S. 295, 311 (2005).

Once Adkins requested that counsel file an appeal, it was incumbent upon him to demonstrate that he diligently followed up with his attorney regarding the status of that appeal. *See El-Abdu'llah v. Dir., Va. Dep't Corr.*, No. 3:07CV494, 2008 U.S. Dist. LEXIS 43929, at *2–3 (E.D. Va. June 4, 2008). "[W]hen counsel's communications or lack thereof indicate that something is amiss with a petitioner's appeal, due diligence requires the petitioner to act on that information." *Id.* at *9 (citations omitted). The Court of Appeals of Virginia dismissed Adkins's appeal on August 30, 2007. Counsel's failure to perfect the appeal was discoverable as of that date because the Court of Appeals of Virginia's dismissal became part of the public record. *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *see Green v. Johnson*, 515 F.3d 290, 305 (4th Cir. 2008).

5

Although Adkins possessed the ability to discover his counsel's failure to appeal on August 30, 2007, "to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal." *Granger v. Hurt*, 90 F. App'x 97, 100 (6th Cir. 2004) (citing *Wims*, 225 F.3d at 190 n.4). While no "magic number" exists for the time afforded a reasonable prisoner to discover counsel failed to file a promised appeal, a petitioner must offer some evidence that he acted with due diligence. *Ryan v. United States*, 657 F.3d 604, 607–08 (7th Cir. 2011) (citing cases and finding that "a reasonable prisoner may take at least two months . . . to suspect that counsel has dropped the ball, contact counsel or the court, wait for a response, and verify the suspicion"); *see Granger*, 90 F. App'x at 100 (finding petitioner acted with due diligence when he waited two months to inquire about requested appeal). However, Adkins served only two months in prison. After his release, Adkins failed to face the hurdles of an individual in the prison system in discovering the status of his appeal. Under the present facts, due diligence required Adkins to follow up with counsel or the Court of Appeals of Virginia at the latest within nine months of the date of his sentencing about the status of his appeal. With minimal diligence, Adkins could have learned that counsel failed to perfect his appeal by February 25, 2008. Thus, that date provides the date for the commencement of the limitation period under 28 U.S.C. § 2244(d)(1)(D).

C. **Statutory Tolling**

To qualify for statutory tolling, an action must be a (1) properly filed (2) post-conviction or other collateral review of (3) the pertinent judgment. 28 U.S.C. § 2244(d)(2). "[A]n application is '*properly* filed' when its delivery and acceptance are

6

in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). These rules and laws "usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.* (footnote omitted) (citations omitted). A petition denied by a state court as untimely fails to qualify as "properly filed" within the meaning of the AEDPA. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

Applying the entitlement to belated commencement previously discussed, the statute of limitations ran for two hundred and ninety (290) days, from February 26, 2008 until December 12, 2008, when Adkins filed his petition for a writ of habeas corpus with the Circuit Court. *See* 28 U.S.C. § 2244(d)(2). Assuming without deciding that Adkins "properly filed" his state habeas petition,[4] the limitations period remained tolled until the Circuit Court dismissed his petition on January 9, 2009. The limitations period began to run the following day, and the deadline for filing a § 2254 Petition expired on Thursday, March 26, 2009. Adkins failed to file his § 2254 Petition until August 17, 2012, nearly three and a half years beyond the limitations period. Therefore, the statute of limitations bars the action even with the benefit of the belated commencement date. Neither Adkins nor the record suggest any plausible basis for equitable tolling.

---

[4] The Circuit Court dismissed Adkins's habeas petition as seeking relief unavailable to Adkins because Adkins was no longer in custody. Thus, Adkins's state habeas may fail to qualify as a properly filed application for the purposes of statutory tolling. The Court need not decide that issue here as Adkins's § 2254 is barred by AEDPA's statute of limitations even with the benefit of statutory tolling.

### III. CONCLUSION

Accordingly, Respondent's Motion to Dismiss (ECF No. 3) will be granted. The petition for a writ of habeas corpus will be denied.

Adkins also has two pending motions. In his "Motion for resentencing for direct appeal," Adkins "moves to have the case resentenced by the trial court to make a direct appeal available." (ECF No. 10, at 1.) Adkins also filed a "Motion for Subpoena of Records" from the VCU Police pertaining to his arrest. (ECF No. 8.) As Adkins's § 2254 Petition is barred from review here, Adkins's motions will denied.

The action will be dismissed. The Court denies a certificate of appealability.[5]

An appropriate Order shall issue.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: Aug 7, 2013
Richmond, Virginia

---

[5] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). No law or evidence suggests that Adkins is entitled to further consideration in this matter.